## COMMONWEALTH vs. WILLIAM F. ROWE.

The *St.* of 1858, *c.* 45, § 2, does not give to justices of the peace exclusive jurisdiction of prosecutions for unlawful sales of intoxicating liquors, under *St.* 1855, *c.* 215, §§ 15, 17.

It is not necessary that an indictment for an unlawful sale of intoxicating liquors, in violation of the *St.* of 1855, *c.* 215, § 17, should set forth in detail the acts and circumstances constituting the sale, in order to authorize the admission of a delivery, without payment, as evidence of a sale, under § 34.

The provision of the *St.* of 1855, *c.* 215, § 34, that, in prosecutions for unlawful sales of intoxicating liquors, delivery in or from any building or place, other than a dwelling-house, "shall be deemed *prima facie* evidence of a sale, and be punishable as such sale," is constitutional.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for a sale of liquors to Averill, on the 28th of March 1858. The defendant, upon his arraignment in the court of common pleas, pleaded to the jurisdiction of the court, upon the ground "that the defendant had been brought before a justice of the peace, duly authorized to try criminal causes for the same offences here charged, and by said justice was bound over to this court; whereas, the justice, by *St.* 1858, *c.* 45, § 2, should have taken jurisdiction of the cause." *Aiken*, J. overruled the plea, but allowed the defendant to answer over, and he pleaded not guilty.

Averill testified that he went to the defendant's oyster shop in Charlestown, and called for some brandy, a glass of which was delivered to him, in the shop by the defendant; but whether he ever paid for it, or agreed to pay for it, the witness could not remember. It was contended for the Commonwealth that under *St.* 1855, *c.* 215, § 34, which provides that "in all cases under this act, delivery of intoxicating liquor in or from any building or place, other than a private dwelling-house," &c " shall be deemed *prima facie* evidence of a sale, and be punishable as such sale," it was not necessary for the Commonwealth to prove payment, but only delivery, to constitute a sale of intoxicating liquor. The counsel for the defendant moved the court to instruct the jury " that, when it sought to charge a party in an indictment with the selling of intoxicating liquors, under *St.* 1855, *c.* 215, § 34, it is necessary to set forth in detail

the acts and circumstances named in said section, as thereby constituting such sale;" and also "that if the design of this section was merely to declare what should be deemed *prima facie* evidence of a sale contrary to preëxisting law, then the said section would be unconstitutional and void, as its effect would be to change the burden of proof of the offence from the government to the proof of the negative by the accused."

But the court declined to rule as requested, and read said § 34 to the jury, and instructed them, "that said section was constitutional; that delivery of intoxicating liquor in a shop was *prima facie* evidence of a sale, but was not conclusive, and might be rebutted or overcome by other evidence in the case; that the burden was upon the government to prove the sale beyond a reasonable doubt; and if such *prima facie* evidence was controlled or overcome by any evidence in the case, they would acquit the defendant." The defendant, being found guilty, alleged exceptions.

*G. W. Warren*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. 1. The *St.* of 1858, *c.* 45, § 2, does not give exclusive jurisdiction to justices of the peace of offences arising under the *St.* of 1855, *c.* 215, §§ 15, 17. The jurisdiction given to justices was only a concurrent jurisdiction with the court of common pleas, as was held by this court in the case of *Commonwealth* v. *Hudson*, Hampden, 1858.

2. Under an indictment charging a single sale of spirituous liquors, it is not necessary to set forth in detail the acts and circumstances relied on to prove such sale, to entitle the government to the benefit of the provisions of § 34 of *St.* 1855, *c.* 215, providing that a delivery of intoxicating liquors, under the circumstances therein stated, is *prima facie* evidence of a sale of them.

3. Nor is such a provision unconstitutional. This question has been decided by this court in the case of *Commonwealth* v. *Williams*, 6 Gray, 1, under the *St.* of 1852, *c.* 322, and in the case of *Commonwealth* v. *Wallace*, 7 Gray, 222, under the *St.* of 1855, *c.* 215. Such evidence is not conclusive, but may be con

trolled, as the court of common pleas properly ruled. That court also ruled that the burden was on the government to prove the sale beyond a reasonable doubt. *Exceptions overruled.*